NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRISTENE COUSENS, as Administrator of the ESTATE OF JOHN L. WITHERS, JR.,

No. 24-889

D.C. No. 2:20-cv-10003-SPG-JPR

Plaintiff-Appellant,

v.

MEMORANDUM[*]

TRANSAMERICA LIFE INSURANCE COMPANY; TRANSAMERICA CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted March 7, 2025[**]
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and DONATO,[***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

Plaintiff Kristene Cousens, as administrator of the estate of John L. Withers, Jr., appeals the district court's grant of summary judgment to defendant Transamerica Life Insurance Company (Transamerica).[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties' familiarity with the facts is assumed, and we affirm.

We review de novo a district court's grant of summary judgment. *See Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 859 (9th Cir. 2011) (citation omitted). "We may affirm a grant of summary judgment on any ground supported by the record." *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citation omitted).

Plaintiff's claims of error in the first summary judgment order are not well taken. Plaintiff's main argument is that Transamerica mailed the grace period notice to Withers "on July 16 [and] not July 15." Plaintiff does not dispute that the notice was mailed on one of those two days or that "30-days' notice was given" to Withers. It is nevertheless Plaintiff's contention that this 1-day delay meant that Transamerica failed to give to Withers "adequate 31-day and 62-day contract required notice of payments required prior to any lapse."

The problem for Plaintiff is that, even assuming this argument had been

---

[1] Summary judgment was granted for Transamerica Corporation with Plaintiff's consent. Plaintiff does not challenge this aspect of the district court's summary judgment orders.

adequately presented to the district court and that Plaintiff's evidence of the customer service call is admissible, there is no genuine dispute of material fact for the good faith and fair dealing claim. "The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment." *Nat'l Ass'n of Optometrists*, 682 F.3d at 1147 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Here, under California law, "the ultimate test of bad faith liability in first party cases is whether the refusal to pay policy benefits was unreasonable." *Morris v. Paul Revere Life Ins. Co.*, 109 Cal. App. 4th 966, 973 (2003) (cleaned up) (quoting *Austero v. Nat'l Cas. Co.*, 84 Cal. App. 3d 1, 32 (1978)).

To put a finer point on it, allegations which assert that an insurer violated its duty to act fairly and in good faith

> must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

*Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)).

Even if Transamerica were one day late in mailing the grace period notice such that Withers received one day less than the "required notice of 31-days and 62-days under the policy," the 1-day delay does not give rise to a reasonable inference of a "conscious and deliberate act" on Transamerica's part, rather than an "honest mistake, bad judgment or negligence." *Id*. A factual dispute over whether Transamerica mailed the notice on July 15 or July 16 has no bearing on the question of whether Transamerica acted unreasonably in lapsing Withers' life insurance policy for non-payment.

The district court also did not err in concluding that Transamerica's interpretation of the policy term "pay" to mean "received" was reasonable. Plaintiff argues that Transamerica breached the implied covenant of good faith and fair dealing by interpreting the ambiguities in the policy "in ways to benefit it and undermine the rights of Withers." But under governing California law, "[w]hile an insurer must give as much consideration to the interests of its insured as it does to its own . . . it is not required to disregard the interests of its shareholders and other policyholders when evaluating claims." *Id.* at 347 (cleaned up). "In other words, an insurer *is* entitled to give its own interests consideration when evaluating the merits of an insured's claim." *Id*. (citation omitted). That is what Transamerica did here.

Because summary judgment on the bad faith claim was proper, Plaintiff's

4

other challenges are foreclosed.  The elder abuse claim was entirely dependent on the predicate finding of bad faith, and the district court properly found that Transamerica did not act unreasonably in seeking medical information for a potential insured who was advanced in age.  So too for Plaintiff's request for punitive damages.  *See American Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1123 (9th Cir. 1999) ("If the insurer did not act in bad faith, punitive damages are unavailable . . . "); Cal. Civil Code § 3294 (punitive damages permissible "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice").

After the first summary judgment order, which left in play only the breach of contract claim, Transamerica paid Plaintiff the full death benefit and interest due under Withers' policy.  On the basis of this payment, the district court issued a second order granting summary judgment to Transamerica on the breach of contract claim as well.  Plaintiff gestures at an error here but does not actually argue one, and instead expressly acknowledges the district court's reasoning that "an insurer's payment of a death benefit and all contractually required interest defeats a claim for breach of contract."  Plaintiff also concedes that she has been paid all sums Withers was entitled to under the policy, including interest.

**AFFIRMED.**

5